```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

EDUARDO NEGRETE and GERVASIO NEGRETE,

                    Plaintiffs,
                                            15 Civ. 7250 (RWS)
    - against -
                                                 OPINION

CITIBANK, N.A.,

                    Defendant.
------------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiffs

        LIDDLE & ROBINSON, LLP
        800 Third Avenue, 8th Floor
        New York, NY 10022
        By:  Blaine H. Bortnick, Esq.
             James W. Halter, Esq.


        Attorneys for Defendants

        FRESHFIELDS BRUCKHAUS DERINGER LLP
        601 Lexington Avenue, 31st Floor
        New York, NY 10022
        By:  Marshall H. Fishman, Esq.
             Elana S. Bildner, Esq.
             Samuel J. Rubin, Esq.
```

**Sweet, D.J.,**

Defendant Citibank, N.A. ("Citi" or the "Defendant") has moved for a stay of discovery during the pendency of its motion to dismiss the Complaint filed by plaintiffs Eduardo and Gervasio Negrete (the "Negretes" or the "Plaintiffs"). For the reasons set forth below, the motion is granted.

**Prior Proceedings**

The Negretes initiated this lawsuit with the filing of their Complaint on September 16, 2015, alleging common-law fraud, negligence, and contract-based claims based on Citi's alleged imposition of an undisclosed markup on their foreign exchange trading and alleged mishandling of transactions in their account. (See generally Complaint, Dkt. No. 1.) Citi filed a motion to dismiss on November 17, 2015, which is scheduled for a hearing on Thursday, January 28, 2016. (Dkt. Nos. 13 & 19.) Citi also filed the instant motion on November 17 seeking a stay of discovery while the motion to dismiss is pending. (Dkt. No. 16.) The Negretes filed their opposition papers to the instant motion on November 24 (Dkt. Nos. 21 & 22), and Citi filed its reply brief on November 30. (Dkt. No. 23.)

The motion was heard and marked fully submitted on December 2, 2015.

**Applicable Standard**

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Morien v. Munich Reins. Am., Inc., 270 F.R.D. 65, 66-67 (D. Conn. 2010); Josie-Delerme v. Am. Gen. Fin. Corp., No. 08 Civ. 3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay; instead, courts consider three factors: 1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay. Morien, 270 F.R.D. at 67; Josie-Delerme, 2009 WL 497609 at *1. Courts may also take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. Id.

**The Stay is Granted**

Although any attempt to weigh the merits of the motion to dismiss would be premature since the Plaintiffs have not yet had the opportunity to file their opposition papers, the Defendants' motion to dismiss is sufficient to support a stay because it "is potentially dispositive, and appears to be not unfounded in the law." Bethpage Water Dist. v. Northrop Grumman Corp., No. 13 Civ. 6362, 2014 WL 6883529, at *4 (E.D.N.Y. Dec. 3, 2014) (quoting Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)). The motion to dismiss raises several potentially viable defenses to the Complaint, including arguments that the Complaint fails to plead fraud with sufficient particularity; contentions that the Complaint fails to plead scienter, causation, and reliance; and arguments that New York law and contractual provisions prevent the Plaintiffs from recovering damages. (See D.'s Mot. To Dismiss Br., Dkt. No. 14.) While the Court makes no finding as to whether these arguments will ultimately succeed or fail, they are at least sufficient to establish that the Defendants have "substantial arguments for dismissal of many, if not all, of the claims asserted." See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

The discovery requested by Plaintiffs is likely to be significant in scope and expensive to comply with. Their first

set of document requests features several broad categories, including all documents relating to any foreign exchange transactions between Citi and the Plaintiffs, all documents relating to any other similar incidents regarding other Citi clients, and all documents concerning recent government investigations in to Citi's foreign exchange trading. (Pl.'s First Req. for Prod., Dkt. No. 18 Ex. A, ¶¶ 5, 36, 38-39.) These requests would likely require a massive production on the part of the Defendants, since the Plaintiffs seek all responsive documents generated after January 1, 2009 (Id. at 1) and represent in their Complaint that they "executed thousands of transactions through Citibank, sometimes as many as 10 to 15 per day." (Complaint, Dkt. No. 1 ¶ 12.) The request for documents relating to the government investigation of Citi is also likely to require a substantial production. Given the significant burden involved in responding to the Plaintiffs' requests for production (and the corresponding burden that they would face responding to requests from Citi), it is prudent to defer discovery until after the Complaint's sufficiency is tested.

Moreover, the Plaintiffs cannot identify any prejudice that they would suffer from the imposition of a stay. Although they argue that the discovery process will be "time consuming" and therefore should not be delayed (Pls.' Mot. to Stay Opp., Dkt. No. 22, at 6), they do not explain why delay would prejudice

their case more than the Defendants'. Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy and the hearing date for the motion is less than two months away. See Spencer Trask, 206 F.R.D. at 368 ("Furthermore, the Court intends to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby.").

In sum, the Defendants have advanced viable arguments for dismissal, the proposed discovery be significantly burdensome, and the Plaintiffs should suffer little or no prejudice from a stay. The Defendants' motion is therefore granted.

It is so ordered.

New York, NY
December 4, 2015

_____
ROBERT W. SWEET
U.S.D.J.