```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

EDUARDO NEGRETE and GERVASIO NEGRETE,

                    Plaintiffs,
                                              15 Civ. 7250 (RWS)
     - against -
                                                  OPINION

CITIBANK, N.A.,

                    Defendant.

-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-5-16

A P P E A R A N C E S:

Attorneys for Plaintiffs

LIDDLE & ROBINSON, LLP
800 Third Avenue, 8th Floor
New York, NY 10022
By: Blaine H. Bortnick, Esq.
    James W. Halter, Esq.

Attorneys for Defendants

FRESHFIELDS BRUCKHAUS DERINGER LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
By: Marshall H. Fishman, Esq.
    Elana S. Bildner, Esq.
    Samuel J. Rubin, Esq.

1

**Sweet, D.J.,**

Plaintiffs Eduardo and Gervasio Negrete (the "Negretes" or the "Plaintiffs") have moved for partial summary judgment pursuant to Fed. R. Civ. P. 56(a), seeking a declaration that the Defendant, Citibank, N.A. ("Citi" or the "Defendant"), is liable on one of the Plaintiffs' claims for breach of contract. The Defendant has responded with a letter-motion asking the Court to hold the Plaintiffs' summary judgment motion in abeyance until the completion of discovery. For the reasons set forth below, the Defendant's motion is denied.

**Prior Proceedings**

The Plaintiffs filed their Complaint on September 16, 2015, claiming breach of contract, negligence, and common-law fraud based on Citi's alleged imposition of an undisclosed markup on foreign exchange trades from the Negretes' Citi account, and Citi's alleged failure to execute a key November 2014 trade on the Negretes' behalf. (See generally Complaint, Dkt. No. 1.) On November 17, 2015, Citi filed a motion to dismiss, which has been scheduled for a hearing on Thursday, January 28, 2016. (Dkt. Nos. 13 & 19.) Citi also filed a motion seeking a stay of discovery while the motion to dismiss remains pending (Dkt. No.

2

16), which was granted by an Opinion dated December 7, 2015. Negrete v. Citibank, N.A., No. 15 Civ. 7250, 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015).

On December 22, 2015, the Plaintiffs filed a cross-motion seeking summary judgment as to liability on one of their breach of contract claims. (Dkt. No. 30.) The Defendant filed a letter-motion later that day, requesting that the court hold the motion in abeyance and that it not be required to respond until after the close of discovery. (Dkt. No. 35.) The Plaintiffs filed a letter in response the following day, opposing the Defendant's request. (Dkt. No. 36.)

**Applicable Standard**

Summary judgment should only be granted after the nonmoving party has had "'an opportunity to discover information that is essential to his opposition' to the motion for summary judgment." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (quoting Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989)). Courts have found grants of summary judgment premature in circumstances where parties have not had "a fully adequate opportunity for discovery." See, e.g., Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996); Sereika v. Patel, 411 F.Supp.2d 397, 405

3

(S.D.N.Y. 2006).  Where a nonmovant has shown that it cannot present facts essential to justify its opposition, the court may defer the motion, deny it, allow time for additional discovery, or issue any other appropriate order.  Fed. R. Civ. P. 56(d). The decision is committed to the discretion of the district court.  See Continental Cas. Co. v. Marshall Granger & Co., LLP, 921 F. Supp. 2d 111, 126-27 (S.D.N.Y. 2013).

**The Motion to Stay Summary Judgment is Denied**

Federal courts are often loath to permit summary judgment at the outset of a litigation, particularly against a party who has not been afforded the opportunity to conduct discovery.  See Hellstrom, 201 F.3d at 97 ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."); see also 10A Charles Alan Wright et al., Federal Practice and Procedure: Federal Rules of Civil Procedure § 2717 (3d ed. 2015) ("[w]hen the claimant seeks summary judgment at a very early stage in the litigation, the court may be reluctant to grant the motion, despite its technical timeliness under Rule 56(a).").  However, a party seeking to defeat or postpone an early summary judgment motion must do more than simply point to the absence of discovery.  If a nonmovant gives the court no basis to conclude

4

that discovery would yield information that would create a genuine dispute as to material facts, then summary judgment may be appropriate even before discovery has been conducted. Cruz v. AAA Carting & Rubbish Removal, Inc., No. 13 Civ. 8498, 2015 WL 4393204, at *9 (S.D.N.Y. July 16, 2015) (citing Meloff v. N.Y. Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995)).

"To request discovery under Rule 56(d), a party must file an affidavit describing: (1) what facts are sought and how they are able to be obtained; (2) how those facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Robinson v. Allstate Ins. Co., 508 F. App'x 7, 10 (2d Cir. 2013). Citi's letter-motion falls far short of these requirements; although it requests that the Negretes' summary judgment motion be held in abeyance until the close of discovery, it does not specify what facts it intends to establish through discovery or even assert that additional facts would assist in its defense of the motion. (See Letter-motion, Dkt. No. 35.) While Citi could be forgiven a lack of detail or a failure to follow Rule 56(d)'s formalities – particularly since the Negretes filed their motion on the Tuesday before Christmas and Citi responded within hours – there is no basis for deferring the motion until the close of

discovery when Citi has not articulated why discovery would be necessary or helpful.

Citi also argues that permitting the summary judgment motion would be inconsistent with the Court's December 7, 2015 Opinion staying discovery during the pendency of Citi's motion to dismiss. That Opinion was concerned in significant part with limiting the burdens imposed by discovery, which are "likely to be significant in scope and expensive to comply with." See Negrete, 2015 WL 8207466, at *2. Permitting the Negretes' motion for partial summary judgment to go forward is entirely consistent with that objective. If the Negretes were to prevail on their breach of contract claim prior to discovery, the topics at issue in the case would be narrowed and the burdens of discovery concomitantly lessened. Cf. Thomas v. N.Y. City Dep't of Educ., No. 09 Civ. 5167, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (granting stay of discovery and noting that a partial grant of a motion to dismiss would "narrow and clarify the scope of issues in this litigation" and impact discovery obligations). Permitting the summary judgment motion to proceed in tandem with the motion to dismiss thus helps to resolve as much of the case as possible prior to what portends to be a "significantly burdensome" discovery process. See Negrete, 2015 WL 8207466, at *2.

**Conclusion**

The Defendant's letter-motion for a stay is denied. The Plaintiffs' motion for partial summary judgment will be heard, along with the Defendant's previously-scheduled motion to dismiss, at noon on Thursday, January 28, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street.

It is so ordered.

**New York, NY**
**January 𝒴 , 2016**

_____
ROBERT W. SWEET
U.S.D.J.