UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
EDUARDO NEGRETE AND GERVASIO NEGRETE,

        Plaintiffs,

  - against -

CITIBANK, N.A.,

        Defendant.
------------------------------------------X

15 Civ. 7250 (RWS)

OPINION



A P P E A R A N C E S:

Attorneys for Plaintiffs

LIDDLE & ROBINSON, LLP
800 Third Avenue
New York, NY 10022
By:  Blaine H. Bortnick, Esq.
     James W. Halter, Esq.
     Read K. McCaffrey, Esq.
     Atoosa Esmaili, Esq.

Attorneys for Defendant

GOODWIN PROCTER, LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
By:  Marshall H. Fishman, Esq.
     Samuel J. Rubin, Esq.

**Sweet, D.J.**

Plaintiffs Eduardo Negrete and Gervasio Negrete (collectively, the "Negretes" or the "Plaintiffs") have moved pursuant to Federal Rule of Civil Procedure 54(b) to certify the Court's February 27, 2017, dismissal of Counts I, II, IV, V, and part of Count III as a partial final judgment. As set forth below, Plaintiffs' motion is denied.

**Prior Proceedings**

The factual background and prior proceedings of this matter have been set forth in previous opinions by this Court. See Negrete v. Citibank, N.A., 187 F. Supp. 3d 454, 459-61 (S.D.N.Y. 2016); Negrete v. Citibank, N.A., No. 15 Civ. 7250 (RWS), 2017 WL 758516, at *1-5 (S.D.N.Y. Feb. 27, 2017). Familiarity is assumed. The following summary retells portions of prior proceedings as relevant to the instant motion.

On September 16, 2015, Plaintiffs filed a Complaint against Defendant Citibank, N.A. ("Citibank" or the "Defendant"), (Dkt. 1), which was dismissed in its entirety on May 19, 2016, with leave to replead, (Dkt. 49). On June 20, 2016, Plaintiffs filed an Amended Complaint. (Dkt. 51.)

1

On February 27, 2017, Plaintiffs' Amended Complaint was dismissed in its entirety except for part of Count III, Plaintiffs' breach of contract claim over "any claims [concerning] unexecuted or partially executed [trades] for which Plaintiffs can prove they covered at a worse price and suffered actual damages." (Dkt. 75 at 32-33.)

On March 21, 2017, Plaintiffs filed the instant motion, (Dkt. 77), which was heard and marked fully submitted on April 19, 2017.

**Applicable Standard**

> Federal Rule of Civil Procedure 54(b) provides:
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. Rule 54(b) may therefore be exercised where there are (1) multiple claims or multiple parties be present,

2

(2) at least one claim, or the rights and liabilities of at least one party, finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court makes an express determination that there is no just reason for delay. See Ginett v. Computer Task Grp., Inc., 962 F.2d 1085, 1091 (2d Cir. 1992).

Rule 54 is a permissive, not mandatory, mechanism to be "exercised in the interest of sound judicial administration." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citations omitted). It is therefore "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Id. (citations omitted). "[T]he power to certify a judgment as final should be 'exercised sparingly,' and 'only if there are interests of sound judicial administration and efficiency to be served, or in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" HSW Enters., Inc. v. Woo Lae Oak, Inc., No. 08 Civ. 8476 (LBS), 2010 WL 1630686, at *1 (S.D.N.Y. Apr. 21, 2010) (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)). A court "generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated."

3

Novick v. AXA Network, LLC, 642 F.3d 304, 311 (2d Cir. 2011) (internal quotation marks and citation omitted).

**Plaintiffs' Rule 54(b) Motion Is Denied**

The first two Rule 54(b) prerequisites have been met here: this action involves multiple claims, and some of those claims have been finally determined in the dismissal opinion Plaintiffs seek to certify. Thus, the "key inquiry . . . relates to the third requirement, which is that there be no just reason for delay," in which case such "determination is left to the Court's discretion[,] . . . provided that [the certified claims] are not 'inherently inseparable from' or 'inextricably interrelated to' other claims remaining in the suit." HSW Enters., Inc., 2010 WL 1630686, at *2 (citation omitted) (alternations in original).

Plaintiffs contend that judicial administration and litigation efficiency will be served by separating the dismissed and remaining claims, as the legal issues between the two are distinct and because "the claims are intertwined in terms of factual issues to be explored in discovery." (Pls.' Mem. in Supp. at 4, Dkt. 78.) Plaintiffs also submit that equity favors certification as the dismissed claims represent a substantially

4

larger portion of potential alleged damages than their remaining claim. (Id. at 5-6.)

Contrary to Plaintiffs' position, their arguments for judiciary efficiency militate against certification. The legal questions may differ as between the dismissed and remaining claims, but the issues, stemming from different financial transactions between Plaintiffs and Defendant, are nevertheless interrelated to one another. Plaintiffs has acknowledged as much, noting that "[a]ll claims arise out of the communications between Plaintiffs and Defendant" and that "discovery of all claims involves depositions of the same individuals and production of the same documents." (Id. at 5.) Put another way, each of the "claims share nearly identical background facts and involve nearly identical parties." TADCO Const. Grp. Corp. v. Dormitory Auth. of N.Y., No. 08 Civ. 73 (KAM) (JMA), 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012) (denying Rule 54(b) motion). As the Second Circuit has advised, denying appeals under Rule 54(b) is "particularly desirable where, as here, the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980). Judiciary administration and efficiency is not advanced by granting "piecemeal appeals that require two (or more) three-judge panels to familiarize

5

themselves with a given case in successive appeals." Novick v. AXA Network, LLC, 642 F.3d 304, 311 (2d Cir. 2011) (quoting Harriscom, 947 F.2d at 631) (internal quotation marks omitted).

Plaintiffs' equity consideration arguments fare no better. First, Plaintiffs argue that unnecessary discovery and trial costs would result should the Second Circuit decide to reverse the Court's earlier opinion. However, such "hardships are inherent in every denial of Rule 54(b) certification, and hardly rise to the level of hardships that warrant immediate appeal." TADCO Const. Grp. Corp., 2012 WL 3011735, at *7 (citing Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992)). Moreover, given the factual overlaps discussed above, it is not clear that the parties' discovery would be "considerably more extensive" than would occur at present were Plaintiffs to prevail on appeal. Trugman-Nash, Inc. v. N.Z. Dairy Bd., Milk Prod. Holdings (N. Am.) Inc., 954 F. Supp. 733, 738 (S.D.N.Y. 1997) (granting Rule 54(b) certification over antitrust claims found "unrelated" to remaining breach of contract, *quantum merit*, and common law fraud). Equity evaluations caution against certification where, as here, such a decision would simply delay discovery and delay a trial the outcome of which "could conceivably affect" appealed claims. Hogan, 961 F.2d at 1025 (citations omitted).

Second, as to Plaintiffs' argument that the dismissed claims are a substantially greater portion of Plaintiffs' alleged damages than the remaining claim, Plaintiffs have not put forward, and the Court has not found, precedent establishing that the alleged valuation of dismissed claims' damages contrast with those of the remaining claims is a substantive factor in deciding whether to grant a Rule 54(b) certification.[1]

In sum, Plaintiffs have not demonstrated sufficient cause under either of Rule 54(b)'s discretionary prongs to deviate from the "normal and federally preferred practice of postponing appeal until after a final judgment has been entered." Adrian v. Town of Yorktown, 210 F. App'x 131, 133 (2d Cir. 2006) (reversing district court's grant of Rule 54(b) certification when district court granted appeal finding "claims that remain

---

[1] In support of this argument, Plaintiffs cite to one case: Klump v. MCI Telecomms. Corp., No. 01 Civ. 421 (ACM), 2003 WL 24296629 (D. Ariz. Mar. 25, 2003). The Klump court's opinion states only that it was certifying the "primary claims" of a plaintiff's action, namely quiet title and trespass, claims it found "not dependent" on the plaintiff's remaining negligence claim. Id., 2003 WL 24296629, at *3. How the court judged certain claims versus other claims "primary" is unstated, and there is no discussion about each claims' relative damages monetary values.

7

for trial . . . are based on the same set of facts as those that have been dismissed" and "to avoid a second trial").

## Conclusion

For the foregoing reasons, Plaintiffs' motion for certification pursuant to Rule 54(b) is denied.

It is so ordered.

**New York, NY**
**July 11, 2017**

_____
ROBERT W. SWEET
U.S.D.J.